# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 50323 | DATE | 6/30/2011 |
| CASE TITLE | U.S.A. vs. Julian C. Wyre | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to dismiss, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*[signature: Philip G. Reinhard]*

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT- OPINION

Julian Wyre, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence based on several claims of ineffective assistance of counsel and other trial court errors. The Government filed a motion to dismiss, relying on an express waiver of the right to seek relief via § 2255 contained in Wyre's written plea agreement. Wyre, in turn, filed a response to the motion to dismiss.

Waivers in a written plea agreement, including those that waive the right to collaterally attack a conviction or sentence, are generally enforceable. Jones v. United States, 167 F. 3d 1442, 1445 (7th Cir. 1999). In the face of such a waiver, the only two claims that can be raised in a § 2255 motion are: (1) that the waiver was not knowingly and voluntarily made; or (2) that counsel was ineffective related to the waiver. Jones, 167 F. 3d at 1145. The right to bring a collateral attack pursuant to § 2255 survives only with respect to those discreet claims which directly relate to the negotiation of the waiver itself. Jones, 167 F. 3d at 1145. Further, if a petitioner asserts ineffectiveness of counsel or involuntariness as to the waiver, he must support the assertion by objective evidence that demonstrates a reasonable probability that, but for counsel's advice, he would not have accepted the plea. McClese v. United States, 75 F. 3d 1174, 1179 (7th Cir. 1996).

Here, the written plea agreement entered into by Wyre expressly states that he "waives his right to challenge his conviction and sentence, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255." See Plea Agreement at pp. 14-15, par. 20 b.[1]

This express waiver bars Wyre from seeking relief pursuant to § 2255 unless he can assert and show that he entered into the waiver either involuntarily or as the result of the ineffective assistance of counsel. This he has not done. While he filed a response to the motion to dismiss, it does not assert, let alone rely on any sort of objective evidence, that he entered into the plea agreement containing the waiver either involuntarily or because of any ineffectiveness on the part of his trial counsel.[2] That being the case, the express waiver is fully operational and acts as a complete bar to his filing a § 2255 motion.

## STATEMENT- OPINION

For the foregoing reasons, the court grants the Government's motion to dismiss,[3] denies the request for an evidentiary hearing, and dismisses this cause in its entirety.[4]

1. This paragraph also contains language reflecting Wyre's right to challenge the waiver or its negotiation based on involuntariness or ineffectiveness of counsel.

2. Moreover, at the Rule 11 proceeding, Wyre stated that he was satisfied with counsel's advice regarding Wyre's decision to plead guilty. Further, Wyre stated that he had read the written plea agreement, reviewed it with his counsel, understood it, and that no one forced him to enter into it. Finally, Wyre stated that he understood he was waiving his right to file a § 2255 motion and that he had discussed the waiver with his counsel. This undisputed evidence clearly demonstrates that Wyre knowingly and voluntarily waived his right to seek relief under § 2255 and that he did so with the effective assistance of his experienced trial counsel.

3. The court denies the request to amend and supplement the pleadings, filed on March 4, 2011, as moot.

4. There being no substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(c)(2).